**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Room 5519<br>2201 C Street, N.W.<br>Washington, D.C. 20520,<br><br>Defendant. | ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records

from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 18, 2015, Plaintiff submitted two FOIA requests to Defendant, by facsimile and certified mail.

6. Plaintiff's first request sought access to the following:

> i. Any and all records concerning, regarding, or related to lists of employees required to complete the Foreign Service Institute course "Classified and Sensitive but Unclassified Information: Identifying and Marking" (PK323) either annually or biannually provided to A/GIS/IPS by the Office of the Secretary of State; and
>
> ii. Any and all records concerning, regarding, or related to reports of employees whose classification authority was suspended due to failure to complete FSI course PK323 as required provided to A/GIS/IPS by the Office of the Secretary of State.

The time frame of the request was identified as "January 1, 2009 to January 31, 2013."

7. Plaintiff's second request sought access to the following:

> i. Any and all records concerning, regarding, or related to the successful completion of the Foreign Service Institute (FSI) Course PK323, "Classified and Sensitive but Unclassified Information: Identification and Marking," by former Secretary of State Hillary Clinton. Such records include, but are not limited to, any records identifying the training requirements for former Secretary Clinton, any reports from FSI indicating the completion of the course by former Secretary Clinton, and any transcripts or certificate of completion for PK323 provided by former Secretary Clinton to the designated bureau training official in the Office of the Secretary of State;

ii. Any and all records concerning, regarding, or related to the successful completion of the Foreign Service Institute (FSI) Course PK323, "Classified and Sensitive but Unclassified Information: Identification and Marking," by Huma Abedin. Such records include, but are not limited to, any records identifying the training requirements for Ms. Abedin, any reports from FSI indicating the completion of the course by Ms. Abedin, and any transcripts or certificate of completion for PK323 provided by Ms. Abedin to the designated bureau training official in the Office of the Secretary of State;

iii. Any and all records concerning, regarding, or related to the successful completion of the Foreign Service Institute (FSI) Course PK323, "Classified and Sensitive but Unclassified Information: Identification and Marking," by Cheryl Mills. Such records include, but are not limited to, any records identifying the training requirements for Ms. Mills, any reports from FSI indicating the completion of the course by Ms. Mills, and any transcripts or certificate of completion for PK323 provided by Ms. Mills to the designated bureau training official in the Office of the Secretary of State.

The time frame of the second request was identified as "January 1, 2009 to the present."

8. By letters dated August 27, 2015, Defendant acknowledged receiving both requests on August 18, 2015. In the letters, Defendant advised Plaintiff that the first request had been assigned Case Control No. F-2015-13190 and that the second request had been assigned Case Control No. F-2015-13191.

9. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the Plaintiff's requests within twenty (20) working days and to notify Plaintiff immediately of its determinations, the reasons therefor, and the right to appeal any adverse determinations.

10. Defendant's determinations were due by September 28, 2015 at the latest.

11. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determinations or the reasons therefor; (iii)

advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

12. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA requests, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 16, 2015

Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*